IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEREMIAH CORBIN,        )<br>    Petitioner,        ) | Civil Action No. 7:22-cv-00135 |
|                 ) | |
| v.              ) | |
|                 ) | By: Michael F. Urbanski |
| J.C. STREEVAL,        ) | Chief United States District Judge |
|     Respondent.        ) | |

## ORDER

Jeremiah Corbin, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Corbin challenges the validity of a federal sentence imposed by the United States District Court for the Southern District of Indiana. The respondent has moved to stay the case pending a decision on a threshold jurisdictional question. ECF No. 4. For the reasons set forth below, the motion to stay is **GRANTED**.

In his petition, Corbin claims that he is no longer subject to an enhanced sentence under 21 U.S.C. § 841(b)(1)(A) in light of the decision by the United States Court of Appeals for the Seventh Circuit in United States v. De La Torre, 940 F.3d 938 (7th Cir. 2019), which was decided after his direct appeal and first 28 U.S.C. § 2255 motion. See Mem. Supp. Pet., ECF No. 1-1, at 2. Corbin seeks relief under the Fourth Circuit's decision in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), which sets forth this circuit's test for determining whether a petitioner may challenge the validity of his federal sentence in a § 2241 petition via the "savings clause" of 28 U.S.C. § 2255(e). See 28 U.S.C. § 2255(e) (providing that a court may entertain a § 2241 petition if the petitioner can demonstrate that a § 2255 motion is "inadequate or ineffective to test the legality of his detention"). The respondent asserts that

the Department of Justice has consistently taken the position that Wheeler was "wrongly decided," in that it "created an overly broad interpretation of § 2255(e)." Mot. to Stay, ECF No. 4, at 1.

On May 16, 2022, the Supreme Court granted a petition for writ of certiorari in Jones v. Hendrix, No. 21-857, a case from the Eighth Circuit that addressed whether a "change in case law, combined with the successive-motions bar [in § 2255], makes § 2255's remedy inadequate or ineffective." Jones v. Hendrix, 8 F.4th 683, 686 (8th Cir. 2021). In its decision, the Eighth Circuit recognized that "circuits have split over this question" and that "[m]ost circuits," including the Fourth Circuit, would allow a petitioner to invoke the savings clause under such circumstances. Id. at 686–87. After reviewing the statutory text and its precedent, the Eighth Circuit agreed with the Tenth and Eleventh Circuits that the circumstances presented were insufficient to satisfy the requirements of the savings clause. Id. at 687–88. Accordingly, the Eighth Circuit affirmed the district court's decision dismissing the petitioner's habeas petition under § 2241. Id. at 690.

The court agrees with the respondent that the Supreme Court's decision in Jones will likely resolve the circuit split identified by the Eighth Circuit or otherwise offer guidance as to the scope of the savings clause. Consequently, the decision will likely impact the resolution of the threshold jurisdictional question presented in this case. Under these circumstances, the court finds that a stay is warranted. See Kane v. United States, No. 20-6839, 2022 U.S. App. LEXIS 19691, at *1 (4th Cir. July 15, 2022) (order granting unopposed motion to hold appeal in abeyance pending decision in Jones v. Hendrix); Thompson v. Streeval, No. 7:22-cv-00288

(W.D. Va. July 29, 2022) (order staying § 2241 petition pending decision in Jones v. Hendrix); Spaulding v. Streeval, No. 7:22-cv-00118 (W.D. Va. June 29, 2022) (same).

For these reasons, it is hereby **ORDERED** that the respondent's motion to stay, ECF No. 4, is **GRANTED**, and this matter is **STAYED** pending the Supreme Court's decision in Jones v. Hendrix, No. 21-857. It is further **ORDERED** that the respondent shall file a response to the petition not later than 30 days after the Supreme Court issues its decision. The petitioner shall then have 30 days in which to file any reply.

The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: August 19, 2022

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2022.08.19 14:21:32 -04'00'

Michael F. Urbanski
Chief United States District Judge

3